IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARY GREEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-85-SRF |
| | ) |
| PHILLIP POORMAN, LT. GREGORY | ) |
| ESPOSITO, and SHUKRIYA JENKINS, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER[1]

At Wilmington this **31st** day of **August, 2022**, the court having considered plaintiff Cary Green's ("Plaintiff") motion for new trial pursuant to Federal Rule of Civil Procedure 59(a) (D.I. 81), IT IS HEREBY ORDERED that Plaintiff's motion is DENIED for the following reasons:

1. **Background.**[2] The court entered a default judgment in favor of Plaintiff and against defendant Shukriya Jenkins ("Jenkins") on April 16, 2021. (D.I. 34) The default judgment left open the amount of damages to be awarded against Jenkins. (*Id.*)

2. After holding a damages inquisition hearing, the court issued its Findings of Fact and Conclusions of Law regarding Plaintiff's claim for damages against defendant Shukriya Jenkins ("Jenkins"). *Green v. Poorman*, C.A. No. 20-85-SRF, 2022 WL 2527080 (D. Del. July 7, 2022). In the decision, the court found that Plaintiff's cellmate had coerced Plaintiff into an escape attempt. *Green*, 2022 WL 2527080, at *2. Plaintiff did not tell Jenkins about his cellmate's plan of escape or his coercion of Plaintiff. *Id.* When Plaintiff and his cellmate placed

---

[1] The parties consented to jurisdiction by a U.S. Magistrate Judge on February 8, 2022. (D.I. 60)
[2] The court addresses only those facts pertinent to the resolution of the pending motion in this Memorandum Order. A fulsome summary of the facts of this case can be found at *Green v. Poorman*, C.A. No. 20-85-SRF, 2022 WL 2527080 (D. Del. July 7, 2022).

a laundry bag containing bed linens in the recreation area, Jenkins questioned the bag's placement but did not inspect or confiscate the bag. *Id.* The escape attempt proceeded, and Plaintiff sustained injuries when he fell from the roof after attempting to lower himself down on the bed linens. *Id.*

3. The court concluded that Plaintiff did not meet his burden to prove the acts or omissions of Jenkins were a proximate cause of his injuries. *Id.* at *4-5. As a result, the court awarded zero dollars in damages against Jenkins. *Id.* at *5.

4. **Legal standard.** Pursuant to Federal Rule of Civil Procedure 59(a)(1)(B), the court may grant a new bench trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). A motion brought under Rule 59(a)(1)(B) "should be based upon manifest error of law or mistake of fact," and a judgment following a bench trial should be set aside only for "substantial reasons." *Branch Banking & Trust Co. v. Angino Law Firm, P.C.*, 2019 WL 2054355, at *2 (M.D. Pa. May 9, 2019) (citing 11 Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 2804 (3d ed. 2018)). Rule 59(a)(2) provides that, "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). The authority to grant a motion for new trial is within the court's discretion. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

5. **Analysis.** Plaintiff argues that the court erred in finding that Jenkins' failure to inspect the laundry bag was not a proximate cause of Plaintiff's injury. (D.I. 81 at 1-2) According to Plaintiff, Jenkins' inspection of the laundry bag containing bed linens would have revealed the escape plan concocted by Plaintiff's cellmate and/or the risk of injury to Plaintiff.

(*Id.* at 2-3)  Because Plaintiff has not identified an error of law, mistake of fact, or any substantial reason to set aside the court's Findings of Fact and Conclusions of Law on Jenkins' damages, Plaintiff's motion for new trial is denied.

6.  Plaintiff blurs the distinction between proximate and but-for causation.  (D.I. 81 at 1-2)  In accordance with the Third Circuit Model Jury Instructions, the court's ruling was based on the conclusion that Plaintiff's injuries were not proximately caused by Jenkins' failure to inspect the laundry bag because the failure to inspect was not sufficiently related to Plaintiff's subsequent injuries.  *See Green*, 2022 WL 2527080, at *4 (citing *Hedges v. Musco*, 204 F.3d 109, 121 (3d Cir. 2000)).  Plaintiff's position that he would not have suffered injury but for Jenkins' failure to inspect, and his reliance on a case applying the standard for but-for causation, do not adequately address the court's ruling applying the proximate cause standard.  (D.I. 81 at 1-2) (citing *Adam v. Barone*, 41 F.4th 230 (3d Cir. 2022)).

7.  The authority cited by Plaintiff explains that "[b]ut-for causation is established whenever an injury would not have occurred without the alleged action or event," whereas proximate causation "is only established when the injury is sufficiently related to the action or event that the law deems the injury to have been caused by the action or event."  *Adam*, 41 F.4th at 235 n.5; *see also Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 675 (3d Cir. 2016) (acknowledging that "a proximate cause requirement is more demanding than a but-for cause requirement.").  Under Third Circuit precedent, the concept of proximate causation "is essentially a limiting principle that functions as 'shorthand for the policy-based judgment that not all factual causes contributing to an injury should be legally cognizable causes.'"  *Ramara*, 814 F.3d at 675 (quoting *CSX Transp., Inc. v. McBride*, 564 U.S. 685 (2011)).  Thus, even if Jenkins' inspection of the laundry bag could have prevented Plaintiff's injuries, more is required

to establish that the failure to inspect was the proximate cause of those injuries.

8. A comparison of the facts of this case to the analogy set forth in *Ramara* is instructive. There, the Third Circuit gave the example of a cab driver who was late in picking up a passenger and was subsequently involved in an accident through no fault of his own. *See Ramara*, 814 F.3d at 675 n.10. Although the cab driver's tardiness was a "but-for" cause of the passenger's injuries sustained in the accident, the Third Circuit explained that the cab driver's lateness would not be a proximate cause of those injuries. *Id.* The connection between Jenkins' failure to inspect the laundry bag and Plaintiff's fall from the roof is similarly tenuous. As explained in the court's decision on damages, there is no evidence that Jenkins was aware of the escape plan. *Green*, 2022 WL 2527080, at *4. Plaintiff's suggestion that Jenkins' inspection of the laundry bag would have foiled the escape attempt is not compelling. (D.I. 81 at 2-3) An inspection would have revealed a laundry bag filled with laundry, as opposed to contraband. It was not reasonably foreseeable that the laundry would be moved to the roof and converted into a makeshift rope to facilitate an escape attempt.

9. Plaintiff also argues that his own course of conduct cannot be a superseding or intervening cause of his injuries because the complaint alleges that his cellmate coerced him to take part in the escape. (D.I. 81 at 2-3) Plaintiff cites no authority to support a conclusion that the escape attempt could be characterized as anything other than a superseding or intervening event. Moreover, a showing of coercive conduct alone is not enough to absolve Plaintiff from the illegality of the escape attempt. *See, e.g., U.S. v. Bailey*, 444 U.S. 394, 410-11 (1980) (rejecting defense of duress in context of prison escape absent showing that threat was imminent and escape was only reasonable alternative); *U.S. v. Caldwell*, 625 F.2d 144, 148 (7th Cir. 1980) (rejecting duress defense where prisoner forewent opportunity to notify authorities of threats and

did not intend to return to custody after escape). Here, the complaint alleges that Plaintiff had an opportunity to inform Jenkins of the escape plan, but he did not do so because of Jenkins' relationship with his cellmate. (D.I.1-1 at ¶ 6)

    **10.**    **Conclusion.** For the foregoing reasons, Plaintiff's motion for new trial is DENIED. (D.I. 81)

Dated: August 31, 2022

                                                                  Sherry R. Fallon
                                                                   UNITED STATES MAGISTRATE JUDGE